# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Eric G. Fosmire, Respondent.

Appellate Case No. 2016-001469

Opinion No. 27657
Submitted August 9, 2016 – Filed August 24, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Kelly B. Arnold, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Eric G. Fosmire, *Pro Se*.

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to a confidential admonition or public reprimand. As a condition of discipline, respondent agrees to complete the Legal Ethics and Practice Program Ethics School within nine months of being sanctioned. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

## Facts

An insurance company retained respondent to represent the company's insureds in a case related to an automobile accident involving the insureds. At the time, respondent was an associate in a large law firm, but later opened a solo practice.

The insurance company transferred the automobile case, as well as other pending files, to respondent. Opposing counsel in the automobile case made a settlement demand of $750,000.

At the same time, respondent was falling behind on his case reporting to the insurance company. For nearly a year, respondent failed to maintain reasonable communications with the insurance company by not submitting case assessment reports related to the automobile case.

Respondent settled the automobile case for $200,000 without the insurance company's authorization or knowledge, which respondent admits. He believed the settlement to be in the insureds' best interests, based on the totality of the circumstances, including the plaintiff's increased medical damages. The settlement amount was within the insurance company's policy limits.

Approximately three to four weeks later, opposing counsel contacted respondent to determine the status of the settlement check. Respondent admits he was not honest with counsel, informing counsel that respondent did not know why the check had not been received, that there was no explanation for a delay, and that he would get in touch with the insurance company to expedite the settlement process. However, respondent did not communicate the unauthorized settlement to the insurance company at the time.

In the next month, opposing counsel filed a breach of contract action against the insurance company, which was the first notice the insurance company had of the settlement. Respondent admitted his actions to the insurance company, after which the company terminated respondent as counsel in the automobile case and the other cases it had pending with respondent. Respondent cooperated with the transfer of the cases to other counsel. He also cooperated with the disciplinary investigation into the matter.

## Law

Respondent admits he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(a)(a lawyer must abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which they are to be pursued, and may take such action on behalf of the client as is impliedly authorized to carry out the representation; a lawyer shall abide by a client's decision whether to make or accept an offer of settlement of a matter); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in

representing a client); Rule 1.4 (requiring a lawyer to communicate with clients); and Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Respondent also admits these violations constitute a ground for discipline under Rule 7(a)(1), RLDE, Rule 413 (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## **Conclusion**

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**